**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAFETY SQUAD, LLC,** | ) | |
| | ) | **Civil Action No.:** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Judge:** |
| | ) | |
| **DOREL INDUSTRIES INC. and** | ) | |
| **DOREL JUVENILE GROUP, INC.,** | ) | **DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **Defendants.** | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Safety Squad, LLC ("Safety Squad"), for its Complaint against Defendants Dorel Industries Inc. ("Dorel") and Dorel Juvenile Group, Inc. ("Dorel Juvenile") (collectively "Defendants"), alleges and states as follows:

### Nature of the Action

1.     This is an action for trademark infringement and unfair competition under the Lanham Act; trademark infringement, unfair competition, consumer fraud and deceptive trade practices under Illinois statutory law; and common law unfair competition and trademark infringement.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over Safety Squad's federal claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(b).  This Court has jurisdiction over Safety Squad's related state and common law claims under 28 U.S.C. § 1367.

3.     Defendants are subject to personal jurisdiction in this judicial district.  Upon information and belief, Defendants have systematic and continuous contacts in this judicial

1

district, regularly transact business within this district, and regularly avail themselves to this district.  On information and belief, Defendants have committed tortious acts aimed at, and causing harm within this district.  The consequences of Defendants' actions produce effects in and directly implicate this district.

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because the parties reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

<strong>The Parties</strong>

5.      Plaintiff Safety Squad, LLC is an Illinois limited liability company with a principal place of business at 1341 W. Fullerton Ave. #128, Chicago, Illinois 60614.

6.      Upon information and belief, Defendant Dorel Industries Inc. is a corporation with a principal place of business at 1255 Green Ave., Suite 300, Montreal, Quebec Canada H3Z 2A4.

7.      Upon information and belief, Defendant Dorel Juvenile Group, Inc. is a Massachusetts corporation with a principal place of business at 25 Forbes Blvd., Ste 4, Foxboro, Massachusetts 02035.  Upon information and belief, Defendant Dorel Juvenile Group, Inc. is a subsidiary of Defendant Dorel Industries Inc.

<strong>Safety Squad and Its SAFETY SQUAD Marks</strong>

8.      Safety Squad provides comprehensive family safety services, including but not limited to, providing information, instruction, demonstration, evaluation, consultation and training in child safety, car seat and automobile passenger safety, home safety, first aid, and fire safety, all of which are marketed and offered in interstate commerce (hereinafter the "Family Safety Services").

9.      Since as early as January 2007, Safety Squad has used continuously in U.S. interstate commerce in connection with its Family Safety Services the trademarks SAFETY SQUAD (word mark) and SAFETY SQUAD & Design as set forth below:



(collectively the "SAFETY SQUAD Marks").

10.      Safety Squad has invested significant resources in developing, advertising, promoting, and marketing the Family Safety Services under the SAFETY SQUAD Marks and in establishing these services in the minds of consumers as high quality services offered by Safety Squad.  Safety Squad prominently uses its SAFETY SQUAD Marks in advertising and promotional materials, including but not limited to, print advertisements, brochures, social media, and the Internet.

11.      The Safety Squad Marks are inherently distinctive.  By reason of extensive use and promotion, the SAFETY SQUAD Marks have become favorably known among consumers as used in connection with the Family Safety Services and have become a valuable asset as a symbol of Safety Squad, its quality services and its goodwill.

12.      Safety Squad owns U.S. Federal Trademark Registration No. 3,565,294, for its SAFETY SQUAD & Design mark, registered on January 20, 2009, covering the following services:

"Providing educational demonstrations in the field of automobile passenger safety, namely, installation of child safety car seats; educational services, namely,

conducting classroom style, and instructional events, in the fields of fire safety and first aid," in Class 41;

"Providing information and consultation in the field of first aid," in Class 44; and

"Providing information in the field of fire safety" in Class 45.

This registration is valid, subsisting, and in full force and effect.  A copy of the registration certificate for this mark is attached as Exhibit A.

13.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Safety Squad's federal registration certificate is prima facie evidence of the validity of the SAFETY SQUAD & Design Mark as well as Safety Squad's ownership and exclusive right to use the SAFETY SQUAD & Design Mark in commerce in connection with the services identified in the registration.

14.     Safety Squad also owns Illinois State Registration No. 097625 for SAFETY SQUAD, registered on June 11, 2007, covering the following services: "Providing information, instruction, demonstration, evaluation, consultation and training in the field of safety."  A copy of the registration certificate for this mark is attached as Exhibit B.

15.     Pursuant to § 25 of the Illinois Trademark and Protection Act, 765 ILCS 1036, Safety Squad's state registration certificate is competent and sufficient proof of the registration of the SAFETY SQUAD word mark.

**Defendants' Wrongful Acts**

16.     Upon information and belief, long after Safety Squad first used the SAFETY SQUAD Marks and notwithstanding Safety Squad's rights in those marks, Dorel Juvenile adopted for use in connection with child safety products and services the trademarks SAFETY SQUAD, HOME SAFETY SQUAD, SAFETY 1st SQUAD, and SAFETY 1st SQUAD & Design, as set forth below:

4



(collectively "SAFETY 1st SQUAD Marks").

17.     Upon information and belief, Dorel Juvenile has used the SAFETY 1st SQUAD Marks in connection with child safety products and services, including but not limited to, providing information, instruction, demonstration, evaluation, consultation and training in the fields of car seat safety, fire safety, home child safety and offering related safety products (hereinafter the "Child Safety Services").

18.     Upon information and belief, the Child Safety Services offered by Defendants under the SAFETY 1st SQUAD Marks are related in nature and kind to the Family Safety Services Safety Squad offers under its SAFETY SQUAD Marks.

19.     On May 7, 2009, Dorel Juvenile filed with the United States Patent and Trademark Office U.S. Federal Trademark Application Ser. No. 77/728,483 for the word mark SAFETY 1st SQUAD covering "installation of child safety products in homes to provide child-proof environments" in Class 37 and "consulting services in the field of child safety relating to the use of child safety products in homes to provide child-proof environments" in Class 45.  The application was filed on an intent-to-use basis and is currently pending.  Safety Squad has filed with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office an extension of time to oppose registration of the SAFETY 1st SQUAD mark.

20.     Pursuant to 15 U.S.C. § 1072, before Defendants began using and applied to register the word mark SAFETY 1st SQUAD, Defendants had constructive notice of Safety Squad's claim of ownership of the SAFETY SQUAD & Design mark.

21.     On February 23, 2010 Safety Squad sent Dorel Juvenile a letter demanding that it cease use of the SAFETY 1st SQUAD Marks and abandon its application.  After a series of subsequent letters between the parties, Dorel Juvenile refused this demand.

22.     Upon information and belief, and notwithstanding Safety Squad's objections to Defendants' adoption of the SAFETY 1st SQUAD Marks, Defendants continue to use the SAFETY 1st SQUAD Marks in connection with Child Safety Services.

23.     Upon information and belief, Defendants have used the SAFETY 1st SQUAD Marks with actual knowledge of Safety Squad's distinctive SAFETY SQUAD Marks, and with an intent to capitalize on the reputation and goodwill of Safety Squad, to confuse and deceive consumers, and to unfairly compete with Safety Squad.

24.     Upon information and belief, Defendants' use of the SAFETY 1st SQUAD Marks in connection with the Child Safety Services in interstate commerce has caused and is likely to continue to cause confusion, mistake, and deception among the relevant consuming public. Consumers will likely believe that Defendants' services are in some way associated with or connected with or approved or authorized by Safety Squad, or that Defendants' services originate from the same source as do Safety Squad's services, when that is not the case.

25.     All of the foregoing acts of Defendants have caused, and unless restrained by this Court, will continue to cause serious and irreparable injury and damage for which Safety Squad has no adequate remedy at law.

## COUNT I
### Trademark Infringement in Violation of
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

26.     As the first ground for relief, Safety Squad hereby alleges trademark infringement

in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).   Safety Squad

incorporates by reference Paragraphs 1 through 25 above, as though fully set forth herein.

27.     Defendants' unauthorized use in interstate commerce of the SAFETY 1st SQUAD

Marks is likely to cause confusion or mistake as to the source, sponsorship, approval, or

affiliation of Defendants' services.  The consuming public and the trade are likely to believe that

Defendants' services originate with Safety Squad, are licensed, sponsored or approved by Safety

Squad, or are in some way connected with or related to Safety Squad, in violation of 15 U.S.C. §

1114(1).

28.     Defendants' unauthorized and infringing acts, as alleged herein, constitute

intentional and willful infringement of Safety Squad's rights.

29.     Defendants' acts and practices in violation of Section 32(1) of the Lanham Act as

set forth above, have caused and, unless restrained by this Court, will continue to cause serious

and irreparable harm and damage to Safety Squad, for which it has no adequate remedy at law.

## COUNT II
### Unfair Competition in Violation of
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

30.     As the second ground for relief, Safety Squad hereby alleges federal unfair

competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Safety Squad

incorporates by reference Paragraphs 1 through 29 above, as though fully set forth herein.

31.     Safety Squad's SAFETY SQUAD Marks have become uniquely associated with,

and hence identify, Safety Squad.

32.     Defendants' unauthorized use in interstate commerce of the SAFETY 1st SQUAD Marks, as described herein, wrongly and falsely designates, describes or represents Defendants' services, causing confusion, mistake, and deception as to the affiliation, connection, or association of Defendants' services with Safety Squad, or as to the sponsorship or approval of said services by Safety Squad, and therefore violates Safety Squad's rights in its distinctive SAFETY SQUAD Marks in violation of 15 U.S.C. § 1125(a).

33.     Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Safety Squad's rights.

34.     Defendants' acts and practices in violation of Section 43(a) of the Lanham Act as set forth above, have caused and, unless restrained by this Court, will continue to cause serious and irreparable harm and damage to Safety Squad, for which it has no adequate remedy at law.

## COUNT III
## Violation of the Illinois Trademark
## Registration and Protection Act, 765 ILCS 1036/60(a)

35.     As the third ground for relief, Safety Squad hereby alleges violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60(a).  Safety Squad incorporates by reference Paragraphs 1 through 34 above, as though fully set forth herein.

36.     Defendants' unauthorized use of the SAFETY 1st SQUAD Marks is likely to cause confusion or mistake or to deceive as to the source of Defendants' services in violation of 765 ILCS 1036/60(a).

37.     Defendants' unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Safety Squad's rights.

38.     Defendants' acts and practices in violation of Section 60(a) of the Illinois Trademark Registration and Protection Act as set forth above, have caused and, unless restrained

by this Court, will continue to cause serious and irreparable injury and damage to Safety Squad, for which it has no adequate remedy at law.

**COUNT IV**
**Violation of the Illinois Uniform**
**Deceptive Trade Practices Act, 815 ILCS 510/1-7**

39.     As the fourth ground for relief, Safety Squad hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.  Safety Squad incorporates by reference Paragraphs 1 through 38 above, as though fully set forth herein.

40.     Defendants' unauthorized use of the SAFETY 1st SQUAD Marks is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' services, and/or otherwise creates a likelihood of confusion or misunderstanding, inasmuch as it gives rise to the incorrect belief that Defendants have some connection with Safety Squad.

41.     Defendants' acts constitute false, deceptive and misleading representations or statements in connection with the advertising and sale of Defendants' services, and said acts constitute deceptive trade practices in the course of Defendants' business in willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq*.

42.     Defendants' acts and practices in violation of Section 510 of the Illinois Uniform Deceptive Trade Practices Act as set forth above, have caused and, unless restrained by this Court, will continue to cause serious and irreparable harm and damage to Safety Squad, for which it has no adequate remedy at law.

## COUNT V
### Violation of the Illinois Consumer Fraud
### and Deceptive Business Practices Act, 815 ILCS 505/1-12

43.     As the fifth ground for relief, Safety Squad hereby alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.  Safety Squad incorporates by reference Paragraphs 1 through 42 above, as though fully set forth herein.

44.     Defendants' unauthorized use of the SAFETY 1st SQUAD Marks is a deceptive act or practice, on which it intends consumers to rely, and is in the course of conduct involving trade or commerce.

45.     Defendants' conduct involves trade practices that are directed to the market generally and that implicate consumer protection concerns.

46.     By their aforesaid acts and misrepresentations, Defendants have caused, and are likely to cause in the future, a public injury and a detrimental effect on consumers by causing confusion as to the origin or sponsorship of Defendants' services.  Said acts constitute unfair methods of competition and unfair or deceptive acts or practices in willful violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*.

47.     Defendants' acts and practices in violation of Section 505 of the Illinois Consumer Fraud and Deceptive Business Practices Act as set forth above, have caused and, unless restrained by this Court, will continue to cause serious and irreparable harm and damage to Safety Squad, for which it has no adequate remedy at law.

**COUNT VI**
**Common Law Unfair Competition**
**and Trademark Infringement**

48.     As the sixth ground for relief, Safety Squad hereby alleges common law unfair competition and trademark infringement.  Safety Squad incorporates by reference Paragraphs 1 through 47 above, as though fully set forth herein.

49.     Defendants' unauthorized use of the SAFETY 1st SQUAD Marks constitutes common law unfair competition and trademark infringement because such use is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval by Safety Squad of Defendants' services. The public is, for example, likely to believe that Defendants' services originate with Safety Squad, are licensed by Safety Squad, and/or are sponsored by, connected with, or related to Safety Squad.

50.     Defendants' acts constitute unfair competition and trademark infringement in violation of the common law of the State of Illinois.

51.     Defendant's acts and practices in violation of Illinois common law and unfair competition and trademark infringement have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage to Safety Squad, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Safety Squad prays that this Court enter the following judgment and order:

A.    That Defendants' use of the SAFETY 1st SQUAD Marks violates sections 32 and 43(a) of the Lanham Act, Illinois Trademark Registration and Protection Act, the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, and the common law of the State of Illinois.

B.    That Defendants and their respective officers, directors, agents, servants, employees, successors, assigns, attorneys, and all those controlled by or in active concert or participation with them (hereinafter collectively "Defendants"), be preliminarily and permanently enjoined from:

1.  Using the SAFETY 1st SQUAD Marks or any other mark in connection with safety services or related services or goods that is likely to cause confusion, mistake, or deception with respect to Safety Squad's SAFETY SQUAD Marks or otherwise infringing any of Safety Squad's SAFETY SQUAD Marks;

2.  Doing any other act or thing likely to induce the mistaken belief that Defendants or Defendants' goods or services are in any way affiliated, connected, or associated with Safety Squad or its services, or doing any other act or thing likely to cause confusion with respect to any of Safety Squad's SAFETY SQUAD Marks;

3.  Trading on the goodwill associated with the SAFETY SQUAD Marks, and passing off their services as those of Safety Squad;

4.    Injuring Safety Squad's business reputation and the goodwill associated with the SAFETY SQUAD Marks and from otherwise unfairly competing with Safety Squad in any manner whatsoever.

C.    That, pursuant to 15 U.S.C. §1118, Defendants be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendants bearing the SAFETY 1st SQUAD Marks.

D.    That Defendants be ordered to recall from all sales people and authorized agents all materials, including but not limited to brochures, advertisements, promotions, and all other matter bearing the SAFETY 1st SQUAD Marks.

E.    That, pursuant to 15 U.S.C. §1116, Defendants be directed to file with the Court and serve upon Safety Squad within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction.

F.    That Safety Squad be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including (but not limited to):

1.    All profits received by Defendants as a result of their unlawful actions and that such profits be trebled;

2.    All damages sustained by Safety Squad as a result of Defendants' unlawful acts and that such amount be trebled; and/or

3.    Punitive damages.

G.    That Defendants be ordered to compensate Safety Squad in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Defendants' unlawful activities.

H.    That this Court award to Safety Squad all reasonable attorneys' fees, costs and disbursements incurred by Safety Squad as a result of this action.

I.    That the Court require Defendants to pay prejudgment interest on any and all monetary awards, (in whatever form), costs and expenses for this suit to which Safety Squad is entitled.

J.    That the Court order all other and further relief that it deems proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Safety Squad demands trial by jury of all issues so triable.

Respectfully submitted,

**SAFETY SQUAD, LLC**

Dated:  May 19, 2010                        */s/* Thomas L. Holt
                                            Thomas L. Holt (Illinois Bar No. 6243134)
                                            Michelle A. Miller (Illinois Bar No. 6290243)
                                            Brinks Hofer Gilson & Lione
                                            1850 K Street, NW, Suite 675
                                            Washington, DC 20006
                                            (202) 296-8700

                                            Joshua S. Frick (Illinois Bar No. 6292843)
                                            Brinks Hofer Gilson & Lione
                                            455 N. Cityfront Plaza Drive, Suite 3600
                                            Chicago, IL 60611
                                            (312) 321-4200

                                            Attorneys for Safety Squad, LLC.

14